June 25, 2003

The Honorable Catherine C. Blake
United States District Judge
United States District Court
District of Maryland
U.S. Courthouse
101 West Lombard Street
Baltimore, Maryland  21201

      Re:    **P-B Health Home Care Agency, Inc. v. CareFirst of Maryland, Inc.**
              **Civil No.: CCB-03-411**

Dear Judge Blake:

      Per your request I as counsel for CareFirst of Maryland, Inc. ("CareFirst") do hereby submit this status report to your attention with the consent of Ronald Katz Esq. Counsel for the Plaintiff, P-B Health Home Care Agency, Inc. ("P-B Health").  As the court is aware the case as originally filed involved claims allegedly submitted by the Plaintiff for payment to CareFirst covering in excess of 120 patients some with several different claims relating to Home Health Services.

      Since Mr. Katz provided you with his status report on April 2, 2003, the respective parties have exchanged several spreadsheets relating to claims adjustments, medical claims filings and authorization documentation relative to the patients at issue.  Prior to this exchange it was necessary for Counsel for both parties to clarify any concerns relating to the recently enacted HIPPA guidelines before additional information was provided.

      As a result of the exchange of information between the parties, several of the claims have been paid. Additionally it has been determined that some claims were paid prior to the Plaintiff's resubmittal for review.  Thus the parties have been able to resolve the disputes surrounding several claims since April of 2003.  On June 5th 2003, CareFirst provided the Plaintiff with a spreadsheet tracking all of the claims which are part of the litigation that involve National Accounts which detailed those claims which were being paid or had been paid and were therefore not in dispute.  The

spreadsheet also detailed those claims which were denied based on a lack of authorization.  PB Health has separately submitted to CareFirst by letter of May 20, 2003 a compilation of claims information relating to Federal employees and non Federal employees (not including National Accounts) employees.  The submittal for the non Federal employees includes a multitude of authorizations for care which PB health contends was submitted to CareFirst.  CareFirst has been reviewing these submittals to determine to what extent they resolve the claims at issue.  This is a complicated process which requires the accessing of archived data and computer information.  CareFirst plans to provide a response relating to the specific claims and issues contained in the May 20 compilation.

     At this point, the parties have exchanged a large volume of claims and processing information in an attempt to resolve any matters which would ultimately not be in dispute.  The parties have succeeded in reducing the amount of claims at issue.  At this time additional information is under review and investigation with a goal of resolving the remaining issues in the case or at least significantly reducing the amount of claims which would be subject to dispute in the event that litigation is necessary.

     Counsel for both parties conferred on the case on June 25, 2003 and agreed to request an additional 60 days extension from the Court prior to the issuance of a scheduling order in order to allow them to complete the present investigations.  Therefore, Counsel for both parties respectfully request that the Court allow an additional 60 days for the further exchange of information, investigation and possible of resolution of issues.  After 60 days counsel would propose to update the Court on the status of its progress at which time an appropriate scheduling Order could be developed if necessary.

     The parties appreciate the Court's consideration of this request.

                                            Yours truly,

                                            /s/

                                            Mark B. McCoy, Esq.
                                            Counsel for CareFirst of Maryland, Inc.,

cc:     Ronald Katz, Esquire